Good morning, Your Honor. May it please the Court, I apologize for being late for check-in. Sydney Tribe, on behalf of the appellant Rolando Hernandez, and I'd like to reserve three minutes for rebuttal. I'll keep an eye on the clock. Before I discuss the extraordinary, order-compelling discovery that Mr. Hernandez is appealing today, this Court has asked the parties to address the implications of the Supreme Court's December 8th ruling in Mohawk Industries v. Carpenter. There's no question that Mohawk did reverse this Court's decision in Napster that an order of this nature is appealable as of right under the Collateral Order Doctrine. However, there are a couple of things to keep in mind. First of all, there was no indication as to whether or not Mohawk was retroactive. I realize retroactivity is a bit of a complicated principle, so I won't delve too far into it. If not in a civil appeal where the question is whether we have jurisdiction, I wouldn't spend a lot of time arguing that. I won't. Actually, what I want to argue is that when we originally brought this case up for appeal, we asked for appeal by permission. And that permission included a request for a writ of mandamus. And Mohawk made clear that in extraordinary circumstances, if the order in question is not merely a typical order that, under the Mohawk Court's view, would in fact be a matter of clear discretion by the district court, then mandamus is still available as for appeal by permission. Do we have a petition for a writ of mandamus pending? Well, I submitted the petition when I filed for – that was one of the bases on which we requested appeal by permission. And this Court sent it back and said there's no need for appeal by permission or petition because the Collateral Order Doctrine applies. So essentially, we didn't rule on your mandamus. Correct. That's correct. So if we conclude that the Supreme Court's new ruling precludes jurisdiction of this appeal directly, possibly we could construe the appeal as your petition for a writ of mandamus. That is correct. But your opponents might have something to say about that, too. I have no doubt that they will. Now, what about Work Product Doctrine? Does the Supreme Court's opinion make clear that an appeal on that ground is also not a collateral order? I would assume so, although Your Honor is correct that the Court was addressing the question of attorney-client privilege. It would seem that the Work Product Doctrine, in that it's a discovery order, would also fall under that same kind of rule. Okay, so we'll understand that if we conclude there's no jurisdiction because of Mohawk on the appeal, that you'd like us to consider your arguments as pursuant to your writ of mandamus petition. Yes, Your Honor. And construe the appeal as that. Yes. Okay, so you better get to your merits at some point. Okay. Can you tell me what is there about the decision of the trial court that's so horrible that it could not be addressed on appeal after final judgment? Well, in all of the case law that we have found in researching this case, I have never seen a situation where when an attorney has been called as a witness about non-privileged communications, that that constitutes a complete and total vitiation of all attorney-client privilege and all work-product privilege, regardless of the other claims that may not be related to what the attorney is a witness for. Essentially, there was no analysis of why attorney-client privilege. There was no identification of what communications constituted a waiver of attorney-client privilege. And with respect to the Work Product Doctrine, again, there's a rigorous test. It's not simply a matter of is this work product protected. There's also a court rule, FRCP 26-B3, that needs to be followed in terms of, okay, we've concluded that there may be some limited waiver. Now let's look through this attorney's case file and conclude what parts of this case file relate to that same communication and what doesn't, and go through that the district court was supposed to go through, had the burden to go through a process of protecting anything that was not related. Before we get to the burden on the district court, let's talk about the burden on plaintiff's counsel. I've got what purports to be a privilege log here. I can't tell from the limited amount of information that's contained in it whether there's anything that's protected or not, can I? We certainly admit that the privilege log is not as detailed as privilege logs that we've seen in other cases. However, there are a couple of things to keep in mind. First of all, the privilege log was not challenged below. And had it been challenged, it certainly could have been elaborated upon or explained more. Well, not challenged, the burden is on the proponent invoking the privilege to establish that it is a bona fide invocation in order to permit the district court to make an intelligent decision as to whether it is or is not properly invoked. On the basis of what the plaintiff's lawyer provided in the privilege log, I'm at a loss to understand how any thoughtful district judge could make that determination. But the judge did not make the determination on the basis that the privilege log was inadequate. The judge and the city seemed to accept the adequacy of the privilege log and based it on the notion that if you name your attorney as a witness, it is a blanket waiver. So to not provide, they did keep I mean, you've got to do more than that, don't you? You have to at least make a proffer to the court in camera of the documents themselves and say, your honor, could you please look at document number 12 and you'll understand why I'm relying on work product. Counsel was never provided with that opportunity. The ruling simply came down. But the burden is on the plaintiff seeking to invoke the privilege to show that he's entitled to it. And what did the plaintiff do here? Other than say, talisman, attorney-client privilege, you can't make me turn this over. You've got to do more than that. Well, the plaintiff responded and argued that he'd submitted a privilege log. The privilege log contains, I admit that it doesn't have dates and it doesn't have specificities of what copies are. So you can see that you can't make that determination on the basis of that. Well, I think you certainly could make it on some of the documents in there. For example, a correspondence to the client, a correspondence from an attorney to a client. I don't think there needs to be anything else in the privilege log to determine that that is an attorney-client privilege communication. Doesn't it depend on the content of the communication? What if it's just simply tell the client be in court at 9 o'clock on Wednesday morning? Well, again, the question is whether or not counsel was ever provided with the opportunity to respond to the idea that the privilege log was not adequate. Everyone assumes that the privilege log was adequate. Counsel, let me come at this a different way. Suppose I agree with you that mandamus is the only way that we have jurisdiction here, but that you don't convince me that all of the Bauman factors are met, and I realize you don't have to meet all five of them, but you don't make out a case for extraordinary relief. Why can't I sleep safe in the notion that when you go back on remand, the Supreme Court has told you that there are other alternatives in order to tee this issue up, and one way would be to essentially refuse to comply with the order for discovery, and at that point there would be a hearing on an order to show cause, and at that point your client, and I don't know if you're going to be his lawyer below, but his lawyer would have the opportunity to make the showing that I don't think was made on this record when the district court ruled. Well, it's possible. However, given the fact that this case is already to this point, the fact that this case has already been up here on appeal once, I would argue that it could very well be a waste of judicial resources to essentially say, what the Supreme Court is telling us, we're wasting judicial resources by hearing an interlocutory appeal absent extraordinary circumstances. So I can solve my case management problem pretty easily under Mohawk. The question is can you still afford your client the remedy of trying to protect this information on remand in a way that will preserve the legitimate documents, and you concede some of those documents have to be produced at least as they pertain to Mr. Tanim. Well, I agree in theory. However, it's counsel's position that there's nothing in the documents that pertains to those communications, at least nothing that isn't also protected by the attorney client or work product privilege that pertains to Mr. Booth. But how do we know? Well, again, Your Honor, I have to reiterate that there is a fundamental unfairness in saying to a plaintiff, you've submitted a privilege log. Everyone agrees the privilege log is adequate. However, there's waiver because you have named your attorney as a witness. Then the case goes up on appeal, and suddenly, well, counsel, why didn't you meet your burden for proving that these documents were privileged? But you've left out a step. You've left out the step where the defendant says produce all of the documents in your file, and the district court grants the motion for production. And in resisting that motion, it seems to me the burden was on the plaintiff. But again. To show that they shouldn't be produced because they were privileged. But again, the burden was met, as far as the district court seemed to be concerned, regarding the privilege log. Let me ask you a question. Did the district court affirmatively say this privilege log is satisfactory? Well, there was no question. It's a yes or no question. I don't believe it's in the record that the court said that the privilege log was adequate. It's also not in the record that the court said the privilege log was adequate. Years ago, I guess it's years ago, when I was practicing in litigation, whenever there were requests for a privilege log, they usually required saying things like not only who it's from and who it's to, but also did it go to any other person? In other words, who were all the people who received it? So did this log indicate that? No, it didn't. The log is. So how would the court know from looking at the log whether a privilege had been waived by disclosure? The court would need to look at the documents in camera. And we've certainly indicated in our briefing that reviewing these documents in camera would be a perfectly appropriate. Did you ask the court to review them in camera? I don't believe trial counsel asked the court to review them in camera in his documents. However, the city suggested an in-camera review. And the court seemed to think that that was not necessary because there was a total blanket waiver of any and all attorney-client privilege. Okay. So we're looking at the difference between we're not necessarily saying that this case requires a reversal and an absolute block on producing these documents. What we're saying is, is that there needs to be at least an in-camera inspection and at least the opportunity to discern what is actually part of this discovery, what should be part of this discovery, and what shouldn't. And once again, the attorney-client privilege has not been, there's been no showing. I have a question. I thought I had a question. Yes. Can I ask you a question? Was there a motion to reconsider the judge's order? I don't believe there was a motion to reconsider because the judge's order had such a short deadline to comply that trial counsel felt it was a question of either being in contempt or essentially looking for an appeal. So there really has not been a lot of give and take in this litigation between this particular judge and between counsel. And I think counsel felt that a motion for reconsideration would be futile given the judge's position. So there was not a motion. So if we were to find that we do not have jurisdiction and we were to remand the case back to the trial court, wouldn't you then be able to ask for reconsideration at that point in time? I'm not sure if the rules would permit that. You would probably know better than I do. We will certainly take every possible step to try and protect this information on remand if that's the case. Isn't it going to get teed up the way I posed in my question to you earlier, on an order to show cause? Very possibly. I mean, if this is a question of no jurisdiction, then we will have to go that route and start over. It sounds like a rather risky gambit, but in any event, you wanted to do rebuttal argument. Thank you. So if you'd like to hold some time. Thank you. Okay, is that Mr. Lloyd on behalf of the defendants?  Thank you, Your Honor. May it please the Court, Dan Lloyd on behalf of Appalese City of Vancouver and Mark Tannin. Your Honors are correct. Mohawk Industries does dispose of this Court's ability to hear this case under 28 U.S.C. 1291. Mr. Hernandez has not argued that there should be jurisdiction under Section 1292B, Interlocutory Review, and there wouldn't be jurisdiction anyway because the District Court did not certify the case for Interlocutory Review under that statute. So we're left with two options, and Judge Talmadge, Judge Gould, you correctly identified those as, one, issue a writ of mandamus, or two, dismiss this appeal for lack of jurisdiction. It is the position of the City and Mr. Tannin that this Court should dismiss the appeal for lack of jurisdiction, and if it is to consider a petition for writ of mandamus, that drastically changes this Court's scope of review, which we argued in our briefs. In our briefs, we were operating under the assumption that this was a 1291 appeal as a matter of right, therefore, mixed question of law and fact, and over review. Under the writ of mandamus standard, however, then we go to the five factors under Balmain. I would think if we were inclined to construe the appeal as a petition for writ of mandamus, and if we thought we could do that legitimately, that we'd call for supplemental briefing. Okay. Can I interrupt you and ask you a question? Absolutely, Judge Talmadge. If we find that we do not have jurisdiction and the case goes back to the trial court and the information that has been ordered disclosed is disclosed, you would agree that there's at least a potential for a lot more information being released than that, which perhaps you had originally intended or asked for, right? The only thing the order grants us is production of those 35 documents identified in the privilege log. As I read the order, that is all that order gives us. And if there's information in there that you should not have access to, how would that be cured after the fact? Mohawk Industries addresses that. If it's produced, there can be an appeal after final judgment, and Mohawk Industries recognizes that it's not the optimum situation. But the information would have already been released. It is, but Justice Sotomayor's opinion addresses that and says that appellate courts, on page 8 of the opinion, appellate courts can remedy the improper disclosure of privileged material in the same way they remedy a host of other erroneous evidentiary rulings, by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence. So the Mohawk Industries opinion actually addresses that. Let me ask you a question, and Judge Benitez may have some follow-up on. Yes, buddy. Would it make sense at this point, if we do not construe this as a petition for writ of mandamus, to require the district court to review the documents in camera before proceeding on the order? If this were a regular appeal, I think that would be appropriate. But if this court doesn't have jurisdiction, then I don't know if there's jurisdiction to order the district court to consider it in camera. I think as a practical matter, we wouldn't have a problem with reviewing the documents in camera, but at the same time, it has elected to not do that. And the decision to review or not review documents in camera actually falls under a different standard of review, and I submitted that in a Rule 28J letter, that it's an abuse of discretion. Well, I think the question that my brother is asking you is an interesting one. If we don't have jurisdiction, I don't know how we can fashion an order that directs the district court to do something once the mandate issues, when the effect of our mandate is simply to declare that we have no jurisdiction. Right, I think that's probably correct. And I would agree with you, Judge Talmadge. We would not be able to order that. I guess Ms. Tribe could move for reconsideration, ask the court to do that, but she might be out of time on a motion to reconsider. And whether Mr. Hernandez is out of time to move for reconsideration or not, honestly, I don't know. I'd have to look into that. But whether a motion for reconsideration would be timely or not timely isn't before the court, and I don't think your opinion has to do with that. No, that's not our problem. Okay. But, and I haven't studied Mohawk fully yet, but it seems like a rather strange system if you might have to toss out a whole judgment because of a, like let's say one document that was produced that shouldn't have been produced. Well, and that really gets to the heart of the matter, too, is this is a discovery order, and granted it does compel disclosure of privileged information, but at the same time we don't know how this is going to play out. I mean this information could be completely mundane. It could be completely irrelevant. This cause of action could be dismissed on a Rule 50 motion at the close of plaintiff's evidence. Right now, unless we have a crystal ball, we have no way of knowing how this disclosure is going to play out. It may become a completely moot point after judgment, in which case there's no reason to consider the merits of the issue anyway. So let me get back to what I was trying to allude to previously, and let me act a little bit as devil's advocate perhaps. But if we were to accept that we have the ability to treat this as a petition for writ of mandate, we would then be able to consider the five Bowman factors. Correct. And one of those is will there be damage that is not in any way correctable on appeal? Wouldn't it be easier for us to decide that we can grant a writ of mandate and compel the trial court to go back and narrow the scope of the waiver? That way it would save everybody a lot of time and a lot of effort. We wouldn't have to come back. There wouldn't have to be a motion for reconsideration, et cetera. Wouldn't that be a more efficient way for us to proceed and still be able to do it under Mohawk and be able to do it under Bowman? That is a possible avenue. However, what the court has to consider under a petition for writ of mandamus, and I hope to address this in supplemental briefing, is that mandamus is an extraordinary remedy. And under the Burlington Northern and Santa Fe case, which is cited in our briefs when we discuss the adequacy of the privilege law, there are five factors, but the absence of the third factor is dispositive. And whether all the other factors are present, the third factor, which means the order has to be clearly erroneous as a matter of law, such as a complete judicial usurpation of power. If you have an order that compels disclosure of all attorney-client privileged information as opposed to a limited waiver, wouldn't you think that might be clearly erroneous? I don't, and I'll go back to Judge Talmadge's point, that it was the burden was on Mr. Hernandez to show affirmatively. And, Judge Talmadge, you actually addressed this a couple of months ago in your opinion in United States v. Rooley. Judge Gould, you were on the panel as well. And from that case – But, Counsel, before you take too much comfort in Rooley, let me just remind you, Counsel, that Title 18, Section 3731, is a completely different jurisdictional provision that authorizes interlocutory appeals in criminal cases. It does. But what I was addressing from Rooley is that you did state that the burden is on the party advocating for the privilege to demonstrate that on a document-by-document basis and what part of the communication is privileged as opposed to what part of the communication is not privileged. Judge Burgess easily could have found, although the order is pretty vague and does not quite state it with as much specificity as we would like, it does follow that principle that Mr. Hernandez did not segregate what information was privileged, what information was not, but rather took Mr. Hernandez's arguments as a shotgun approach, saying everything's privileged, boilerplate, you don't get anything, and Judge Burgess found that to be unacceptable. And under the deferential standard of review, that the order has to be clearly erroneous as a matter of law, we would argue, if the Court is inclined to go that far, under the third prong of the Bauman factors, that there is no, there cannot be grounds for a writ of mandamus. There's a threshold issue, and since this has come up in argument, I don't know if it's covered in your briefs. I didn't think so. But that is, are we allowed to construe the appeal as a petition for a writ of mandamus? Because I think I raised that. I raised it because we often have immigration cases where Congress has passed a new statute and said, you can no longer review this or that. And so we've got like a real line of decisions where we might construe an appeal as something else that we could do. And I don't know if that's permissible here. So I wonder if that's something that is addressed in your studies or your briefing. It's not addressed in the briefing at all. And frankly, because of the standard of review, if it is a writ of mandamus, our briefing, frankly, is not worth a whole lot right now. But Mr. Hernandez and his counsel is correct that there was a timely petition for writ of mandamus filed that this court said you don't need that, it's denied, it's dismissed, because it's appealable as a matter of right under Napster. I don't know if, frankly, I don't know if this court has the power to basically reinstate that petition, because it was timely filed. I will definitely concede that. But the writ of mandamus, wouldn't it normally be a writ filed with us, not with the district court? How does the district court deny a petition for a writ of mandamus for us to tell the court not to do so? I think, and if I'm wrong, I assume Ms. Tribe is going to correct me, but the petition, it was a petition for interlocutory review, and then the backup argument was a petition for writ of mandamus, and it was filed directly in this court, I believe under case number 09-8009. It was a completely different case number. And then this court said we don't need that, send it back down, district court open it as a notice of appeal. But, Judge Gold, I think the tenor of your question is also that the petition for writ of mandamus has to be directed to the district court. So the caption of the case would change, and it would basically be Rolando Hernandez versus United States District Court. So do you have power to consider a writ of mandamus? I don't know. There are cases where, when there's a petition for a writ of mandamus, where the judge or the court have separate counsel. Yes, I really don't think I could step in and represent Judge Burgess, so you probably have someone else here. No, I'm just saying, I'm not sure we can do it. If we, in conference, think that we should consider it, we'll probably ask for briefing. Okay. Both on whether it's proper to so do it, to construe the appeals as a mandamus writ, and also on the standards. Counsel, I'll ask you the same question I asked Ms. Tribe. Why can't we get to the same result by dismissing for lack of jurisdiction and then allowing the plaintiff to prove up which documents are privileged if the plaintiff decides not to comply with this broad turnover order? Are you talking about the third alternative under Mohawk, basically disregard the order and accept whatever contempt sanctions? Yes. That is an option. Mr. Hernandez can do it. Wouldn't Mr. Hernandez's lawyer at that point have the opportunity to make the showing that has not been made to date as to why specific documents are or are not privileged? I think so. I think so he could, and it would probably be considered under a different standard, probably under Rule 37 of the Rules of Civil Procedure as to the level of sanctions the court would impose for refusing to comply with the order compelling disclosure, refusing to comply to the letter. And under that situation, then Mr. Hernandez and his counsel could offer up more evidence as to why some documents ought to be really contained as private, offer it up in camera. And then Judge Burgess could fasten an order that is probably less drastic than exclusion of a witness, dismissal of a claim, or something to that effect. So absolutely, that is an option. The only thing that bothers me about my option is that I don't like putting counsel in the position of having to risk a contempt citation in order to do what should have been done. As I said earlier, it sounds to me like a rather dicey gambit, but maybe it's what's contemplated by Moloch. But what if Judge Burgess said, well, because you're not complying with my order as a sanction, go and never step foot in my court again? Well, then I think this court would have the power to issue a writ of mandamus for an order that's well beyond the bounds of authority. Was there a judge in the District of Utah who did that to the U.S. attorney, saying I don't want any more government lawyers in my courtroom? Boy, well, I'm glad I don't practice in Utah. I think I will. Unless the court has any further questions, I think you're on. Okay, Ms. Traub, you've got about a little more than a minute and a half left. Thank you, Your Honor. I want to point out just a couple of critical points that did not get raised to this point. This is not just a question about these 35 documents that are in the privilege log. This was also a waiver of testimonial privilege. Therefore, when Mr. Ferguson, if Mr. Hernandez would want to risk putting Mr. Ferguson on the stand so that he can actually prove his witness tampering claim, this waiver would also apply to that testimonial privilege or, indeed, in deposition as well. So it reaches beyond these. It's a very broad order, Your Honors, and I just want to emphasize that. Counsel, where do you get that out of this? It's a waiver of all attorney, client, and work product privilege. I don't see how you can't interpret that as testimonial privilege as well. All I'm looking at is I'm looking at the district court's order, Captain, order granting defendant's motion to compel, and the court is ordering the plaintiff to fully respond to the third set of requests for production. But the wording of the order is that Hernandez has waived all attorney, client, and work product privilege. So your argument would be that I wouldn't have any way to object at trial. Correct. With the word, it's now law of the case, and Mr. Ferguson is going to have to answer every question posed. Correct, yes. Unless he wants to risk a contempt citation. Exactly. I also want to point out that counsel has essentially conceded that this order to compel probably contains documents that are irrelevant and are not necessary for them to prosecute their case. And I just want to emphasize. How do we know? I mean, how do we know that? Well, you know, the. . . These documents, the production doesn't even tell me the date that the document was produced. Again. I don't know whether it's relevant or not. Again, Mr. Hernandez and counsel would be more than happy to produce a more detailed privilege log on remand. I'm sure they would now, but that doesn't help us here. I do agree with that, Your Honor, but again, the privilege log was never challenged below. So to hold him responsible for that and say, forget it, you lost your chance, you waive all attorney-client privileges is just a bridge too far. Well, I mean, the burden is on him if he's invoking attorney-client privileges to show that he's entitled to it. The burden in the work product doctrine is also on the other party to show they need the documents and also on the district court to show that mental impressions have been protected, and that's under the court rules. Okay. Now, I'm sorry to say, but you are, Ms. Tribe, out of time. That clock's running upward. Thank you. So unless one of the judges has questions, we should bring it to a close. Okay, thank you.  Thank you.
judges: Benitez, Gould, Tallman